UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DEVON L. DAVIS,

    Petitioner,

v.

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility,

    Respondent.

16-CV-550
DECISION & ORDER

The pro se petitioner, Devon Davis, is an inmate at Attica Correctional Facility. He submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. Davis pleaded guilty to three counts in New York State Supreme Court, Monroe County, and he now claims that he was denied his right to counsel in connection with that case. *Id.*

## BACKGROUND

28 U.S.C. § 2244(d)(1) requires a person in custody under the judgment of a state court to file an application for a writ of habeas corpus within one year of the date on which the judgment became final, the date on which an impediment to filing created by state action was lifted, or the date on which the constitutional right asserted was initially recognized by the Supreme Court. That one-year period of limitation is tolled under 28 U.S.C. § 2244(d)(2) for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

According to the petition, Davis pleaded guilty to kidnapping in the second degree, criminal sexual act in the first degree, and robbery in the second degree on February 17, 2010. Docket item 1 at 1. He pleaded guilty as part of an agreement that prosecutors would recommend concurrent determinate sentences of 25 years of incarceration, plus five years of post-release supervision, on the kidnapping and criminal sexual act convictions; and a consecutive ten-year sentence of incarceration, plus five years of post-release supervision, on the robbery conviction. Docket Item 10 at 5.

On March 9, 2010, Justice Francis A. Affronti of Monroe County Supreme Court informed Davis and defense counsel that due to Davis's prior felony conviction, the minimum permissible sentence for criminal sexual act in the first degree required at least ten years of post-release supervision. Docket Item 10-3 at 67, 105-06. Davis agreed to modify his negotiated sentence, and consistent with the plea agreement, Justice Affronti sentenced him to an aggregate term of 35 years of incarceration followed by ten years of supervision. *Id.* at 68, 107.

Davis appealed, arguing that his plea was involuntary, his waiver of appellate rights was invalid, and his sentence was excessive; but the Appellate Division, Fourth Department, affirmed his judgment of conviction. *Id.* at 115. The Court of Appeals then denied Davis leave to appeal on July 24, 2014. *Id.* at 126. The parties agree that Davis's conviction became final ninety days later, on October 22, 2014. Docket item 12 at 7; Docket Item 10-1 at 8.

The current dispute involves Davis's post-judgment motions and the extent to which they toll the § 2244(d) limitations period. On April 9, 2012, while his direct appeal

still was pending, Davis filed a motion to vacate the judgment of his conviction under N.Y. C.P.L. § 440.10. Docket Item 10-3 at 1. Justice Affronti denied that motion on the merits on April 26, 2012, and the Fourth Department denied Davis's application for leave to appeal on August 20, 2012. *Id.* at 59.

After his conviction had become final on October 22, 2014, Davis filed a second motion to vacate his judgment of conviction under N.Y. C.P.L § 440.10 on July 2, 2015. *Id.* at 127. Justice Affronti denied that motion on August 12, 2015, because it raised arguments identical to Davis's prior § 440.10 motion. *Id.* at 140. On September 2, 2015, Davis applied for permission to appeal the denial of his § 440.10 motion to the Fourth Department under N.Y. C.P.L. § 460.15.[1] *Id.* at 142. The Fourth Department denied leave to appeal on November 17, 2015, because there was "no question of law or fact which ought to be reviewed" on appeal. *Id.* at 154.

On December 4, 2015, Davis applied for leave to appeal to the New York Court of Appeals. On March 2, 2016, the Court of Appeals dismissed Davis's application "because the order sought to be appealed from is not appealable under CPL 450.90 (1)." *Id.* at 167. On March 9, 2016, Davis filed a document in the New York Court of Appeals requesting review of his leave application. *Id.* at 168. On May 17, 2016, the Court of Appeals construed Davis's letter as a motion for reconsideration of the March 2, 2016 order and denied that motion. *Id.* at 171.

---

[1] A defendant may not appeal an order denying a § 440.10 motion as of right. *See* N.Y. C.P.L. § 450.10. A defendant may, however, appeal such an order "provided that a certificate granting leave to appeal is issued pursuant to section 460.15." *See* N.Y. C.P.L. § 450.15(1).

3

The parties now dispute whether the limitation period was tolled between November 17, 2015, and May 17, 2016, while Davis sought leave to appeal to the New York Court of Appeals. 252 days had lapsed since the limitations period began running after October 22, 2014, when it was tolled on July 2, 2015, because Davis filed a § 440.10 motion. The parties agree that when it was first filed, the § 440.10 motion tolled the limitations period because it was "a properly filed application for state post-conviction or other collateral review . . . [that was] pending." 28 U.S.C. § 2244(d)(2); see Docket Item 12 at 7; Docket Item 10-1 at 9. Davis contends that the limitations period continued to be tolled through May 17, 2016, when the Court of Appeals denied his motion to reconsider its denial of leave to appeal. But the respondent argues that the limitations period was not tolled at all while Davis sought review by the New York Court of Appeals because, under New York law, that was not a "properly filed application . . . pending." If the respondent is correct, Davis's habeas petition, dated June 9, 2016, would have been more than 90 days past due and therefore untimely under 28 U.S.C. § 2244(d).

## DISCUSSION

28 U.S.C. § 2244(d)(2) tolls the § 2244(d)(1) limitations period while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The Second Circuit has held that "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennet v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999). Therefore, the application is no longer

4

"pending," and the limitations period is no longer tolled, as soon as the petitioner can seek no further state court review.

In New York, "any adverse or partially adverse order of an intermediate appellate court" may be "taken to the court of appeals" if "a certificate granting leave to appeal is issued pursuant to section 460.20." N.Y. C.P.L. § 450.90(1). Section 460.20, in turn, explains that a "certificate granting leave to appeal to the court of appeals . . . is an order of a judge granting such permission and certifying that the case involves a question of law which ought to be reviewed by the court of appeals." N.Y. C.P.L. § 460.20. When the order sought to be appealed is an order of the Appellate Division, either a judge of the Court of Appeals or a justice of the Appellate Division may issue a certificate granting leave to appeal to the Court of Appeals. See N.Y. C.P.L. § 460.20(2)(a). Together, these procedural rules establish that a party cannot appeal an order of the Appellate Division to the Court of Appeals without permission.

Furthermore, an order denying a § 440.10 motion is appealable to the Appellate Division only by leave of a justice of that court granted under § 460.15. See N.Y. C.P.L. § 450.15(1). Absent that permission, "further appellate review is unavailable under [New York] state's procedures." *Bennet*, 199 F.3d at 120. "There is no provision in New York law for an appeal to the Court of Appeals from an order denying leave to appeal from an order denying a Section 440.10 motion." *Ramos v. Walker*, 88 F.Supp.2d 233, 234 n.3 (S.D.N.Y. 2000).

Here, the Appellate Division, Fourth Department, denied leave to appeal the Supreme Court's denial of Davis's § 440.10 motion on November 17, 2015. Docket Item 10-3 at 154. At that point, Davis had no further avenue for review in New York

5

state courts, and the 2244(d)(1) limitation period resumed running. "[O]nce the Appellate Division denies leave to appeal the denial of a § 440.10 motion, pursuant to C.P.L. § 460.15, New York law does not provide for an application for leave to appeal to the Court of Appeals, pursuant to C.P.L. § 460.20." *Felton v. Massuca*, 2004 WL 2072538, at *2 (S.D.N.Y. Sep. 15, 2004).

Davis could have asked the Appellate Division to reconsider its denial of leave to appeal, but he did not. Therefore, the limitations period was not tolled during the period when he could have made those filings. *See Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009) ("[The] limitations period is not tolled by the thirty-day period in which the petitioner could have filed, but did not file, a motion for reconsideration of the New York State court's denial of his post-conviction motion under New York Criminal Procedure Law § 440.10."); *Smalls v. Smith*, 2009 WL 2902516, at *8 (S.D.N.Y. 2009) (holding that a motion for reargument of the Appellate Division's denial of leave to appeal further tolled the limitations period).

Davis's futile attempt to appeal to the Court of Appeals the Fourth Department's denial of leave to appeal did not toll the limitations period because there was no longer a "properly filed application . . . pending." 28 U.S.C. § 2244(d)(2); *see Felton*, 2004 WL 2072538, at *2 ("Because no further appellate review was available under New York law, following Justice Kupferman's [] decision [denying leave to appeal the Bronx County Supreme Court's denial of § 440.10 motion], petitioner's second § 440.10 motion ceased to be pending as of that date; the [statutory] limitations period began to run as of [that date].").

Finally, Davis is not entitled to equitable tolling, either. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Even if Davis could show that he acted with reasonable diligence, he has not shown extraordinary circumstances. "[M]iscalculating the limitations period . . . is simply not sufficient to warrant equitable tolling" because equitable tolling would be available to every person who missed a deadline. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

## **CONCLUSION**

For the reasons stated above, the 28 U.S.C. § 4422(d)(1) limitations period for filing an application for a writ of habeas corpus was no longer tolled in Davis's case after November 17, 2015. Therefore, the limitations period for Davis's application expired on March 8, 2016. Davis filed his instant petition on June 9, 2016, outside the § 2244(d)(1) limitations period. The petition is therefore DISMISSED as untimely, and the Clerk of Court shall close the file.

SO ORDERED.

Dated:   March 27, 2019
         Buffalo, New York

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

7